IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-10170-01-WEB |
| | ) | |
| CARL A. PATTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter came before the court on January 18, 2005, for a hearing on the Government's Motion in Limine (Doc. 24). The court orally granted the motion at the conclusion of the hearing. This written memorandum will supplement the court's oral ruling.

I. *Background*.

Defendant Carl Patton is charged with unlawful possession of body armor (a bullet-proof vest) after having been convicted of a felony that is a crime of violence, in violation of 18 U.S.C. § 931. The Government has filed a motion in limine seeking to prevent defendant from offering any evidence at trial pertaining to a necessity or justification defense. The Government anticipates the defendant will argue at trial that he possessed the body armor because he was under a threat of harm from rival gang members, and that such circumstances constitute a defense to the charge. The Government contends the defendant cannot meet the elements of a justification defense for three reasons. First, it argues that he had reasonable, legal alternatives to possessing the vest, including a renunciation of gang activity, identifying for the Wichita police any individuals who threatened him, and/or temporarily moving out of Wichita. Second, the

Government argues there is no evidence the defendant was under any threat of imminent harm at the time he committed the instant offense (which according to the Government occurred just after the defendant rammed his girlfriend's car). Third, the Government argues there was no connection between wearing the vest and the defendant's conduct in confronting and assaulting his girlfriend. Additionally, the Government argues that any evidence of threats supposedly made to the defendant would constitute hearsay evidence and would not be admissible to prove the truth of the matter asserted.

In his response, the defendant confirms that he wants to raise a "modified justification defense." According to facts asserted by the defense -- which the court accepts as true for purposes of the Government's motion in limine -- the defendant was a member of the "Junior Boys" gang in the 1980's and 1990's. In 1990 he was convicted of shooting a member of the "Crips," a rival gang. In 1994, he was convicted of aggravated assault and discharge of a firearm at an occupied building in a case in which the victims were individuals from the "Bloods," another rival gang. Defendant says he was paroled in 2001 and was required to live in his old neighborhood in Wichita, where gang activity was prevalent, and that he purchased the bullet proof vest after an incident in February or March of 2002 when he was approached by rival gang members. According to defendant's brief, this incident occurred while he was at a local Quick Trip convenience store getting gasoline. He saw two Blood gang members approaching -- one of them with a gun -- when a third member called the two men back. The men did not say anything to him. The defendant was then able to leave the station after paying for his gas. Defendant further claims that in May of 2002, he was with a number of individuals in the 2300 block of North Kansas street when he and the others were the target of a "drive-by" shooting by a member or members of the Bloods. According to the defendant, the police engaged in a high-speed chase of the vehicle from which the shots came, with

the chase ultimately ending in a crash in which a Blood gang member was killed.

Defendant argues that because of the desire of rival gang members to retaliate against him for his past conduct, he had an objectively reasonable fear for his safety. He contends he had no legal options available, and that he was under a threat of severe harm. Defendant further argues that the usual requirement that a threat be "imminent" for a justification defense should be modified here because the bullet-proof vest was not capable of inflicting harm on other people -- unlike a firearm -- and the defensive nature of the vest should be taken into account in assessing whether or not his conduct was justified.

II. *Discussion*.

Numerous courts, including the Tenth Circuit, have recognized a necessity and/or justification defense. In *United States v. Meraz-Valeta*, 26 F.3d 992, 995 (10th Cir. 1994),[1] the court said such a defense may be available if a defendant presents evidence from which a jury could find (1) the defendant had no legal alternative to violating the law, (2) the harm to be prevented was imminent, and (3) there was a direct, causal relationship between the defendant's action and the avoidance of the harm. Other courts have described the elements somewhat differently; some have said the defense additionally requires a showing that the defendant did not negligently or recklessly put himself in a situation where it was likely he would be forced to choose criminal conduct in order to avoid harm. *See United States v. Vigil*, 743 F.2d 751, 755 (10th Cir. 1984); *United States v. Dudley*, 1994 WL 192042 (D. Kan. 1994) (unpublished). *See also United States v. Bailey*, 444 U.S. 394, 410 (1980) ("if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,'

---

[1] *Overruled on other grounds by United States v. Aguirre-Tello*, 353 F.3d 1199 (10th Cir. 2004) (*en banc*).

3

the defenses [of necessity or duress] will fail").

A district court may preclude a necessity defense where the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the defense. *See Dudley*, 1994 WL 192042 at *4; *Vigil*, 743 F.2d at 756. Even accepting the defendant's allegations as true, the court concludes he has failed to make a threshold showing of the elements of a justification or necessity defense. First of all, the defendant apparently concedes that the threat he was facing was not "imminent" or "immediate" within the meaning of the case law. Nevertheless, he argues the court should modify or eliminate this element because a bullet-proof vest -- unlike a firearm -- is essentially defensive in nature, and thus poses less of a threat. The court sees no authority for modifying the defense in this manner or for doing away with the long-standing requirement that a threat of harm must be present and imminent to serve as a justification or excuse for criminal conduct.[2] The "imminent harm" requirement is related to the concept that justification or excuse is limited to circumstances where an individual had no reasonable opportunity to pursue legal avenues to alleviate the threat, such as reporting threats of harm to the police. *See United States v. Posado-Rios*, 158 F.3d 832, 874 (5th Cir. 1998) (the defense only arises if there is a real emergency leaving no time to pursue any legal alternative). Absent such a requirement, a defendant could

---

[2] Defense counsel cited the case of *United States v. Haney*, 287 F.3d 1266, 1273 (10th Cir. 2002) to support his argument, but the court does not see how this case helps. As an initial matter, the panel opinion cited by defendant was vacated upon *en banc* rehearing. *See United States v. Haney*, 318 F.3d 1161 (10th Cir. 2003). Moreover, insofar as the original opinion related to the requirement of imminent harm, the facts of *Haney* are clearly distinguishable because the defendant in that case, a prison inmate, had been threatened only two weeks before his attempted escape from prison. Under those circumstances, the panel concluded it was a jury question whether the threat of harm to the defendant was imminent. By contrast, the most recent threat of harm in the instant case occurred approximately a year-and-a-half prior to the offense charged in the indictment.

assert a continuing blanket immunity from certain types of criminal conduct, something the case law has never sanctioned. *Cf. In Re: The Diana*, 74 U.S. 354, 361 (1868) (any rule less stringent than absolute necessity would open the door to all sorts of fraud). And under the facts alleged here, the threat of harm cannot be considered imminent. The circumstances cited by defendant -- including a drive-by shooting incident nearly a year and a half before the offense alleged in this case -- would not be legally sufficient to permit a jury to find a threat of imminent harm to the defendant. *Cf. United States v. Marquez*, 940 F.2d 1539 (10th Cir. 1991) (unpublished table decision; text available on Westlaw), 1991 WL 145264 (10th Cir., Aug. 1, 1991) (element not satisfied where threat was made more than two months before defendant was found in possession of a gun); *United States v. Sittman*, 996 F.2d 1229 (9th Cir. 1993) (unpublished), 1993 WL 217134 (9th Cir., Jun. 18, 1993) (no imminent threat of harm where assault occurred six months before defendant was found in possession of firearm); *United States v. Rice*, 214 F.3d 1295, 1298 (11th Cir. 2000) (harm was not imminent despite repeated harassment by gang members).

The court further finds that the offer of proof fails to raise a jury question as to whether the defendant had any reasonable legal alternatives to engaging in criminal conduct. The defendant conclusorily asserts that any resort to the police in this instance would have been futile. A defendant's subjective belief as to available alternatives, however, is not determinative. *See United States v. Meraz-Valeta*, 26 F.3d 992, 995 (10th Cir. 1994). As long as the situation permitted some solution by legal means, the necessity defense must fail. *Id*. In this regard, the defendant has offered nothing to show that a resort to the police would have been futile in these circumstances. Nor has he explained why he could not have sought a change in the terms of his parole to allow him to live somewhere else where he would not have been under

a threat. Absent a showing concerning such alternatives, the court cannot find a legal basis for a necessity or justification defense. *Cf. United States v. Harper*, 802 F.2d 115, 118 (5th Cir. 1986) (to establish the absence of a legal alternative, a defendant must show that he had actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefit of the alternative); *United States v. Jankowski*, 194 F.3d 878, 883 (8th Cir. 1999) (subjective belief that going to the police would be futile was not sufficient); *United States v. Wofford*, 122 F.3d 787, 791 (9th Cir. 1997) ("Our cases uniformly require the defendant to seek aid from law enforcement before taking matters into his own hands.").

Lastly, the defendant has not made any showing that he "had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to engage in the criminal conduct." *See United States v. Vigil*, 743 F.2d 751, 755 (10th Cir. 1984). Even assuming the defendant is not disqualified from a justification defense where the threat arose in part from his prior criminal conduct, defendant has made no offer of proof that he has disassociated himself from gangs and gang members since being paroled. Absent such an offer of proof, there is an absence of evidence that the defendant's own negligent or reckless conduct put him in the situation he was facing.

Defendant has thus failed to make a sufficient offer of proof with regard to three of the necessary elements of a justification defense. Because the test for admissibility of the defense requires a threshold showing as to all the necessary elements, the court may preclude the defense where, as here, the offer of proof is deficient with regard one or more of the elements. *See United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991).

III.  *Conclusion*.

The United States' Motion in Limine (Doc. 24) is GRANTED.  Defendant's request for an order in limine is taken under advisement.  IT IS SO ORDERED this  19th  Day of January, 2005, at Wichita, Ks.

                                           s/Wesley E. Brown
                                           Wesley E. Brown
                                           U.S. Senior District Judge